THE BEINHAKERMILLER LAW FIRM, LLC
414 Westfield Avenue
Westfield, New Jersey 07090
(908) 272-2232
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| DR. BRIAN M. TORPEY, M.D., F.A.C.S., as designated representative of P.E.T. and C.Z. and P.E.T. and C.Z. Patients,<br><br>Plaintiffs,<br><br>vs.<br><br>AETNA INSURANCE COMPANY, BLUE CROSS BLUE SHIELD AND MARSH MCLENNAN<br><br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT** |
|---|---|

Plaintiff, Dr. Brian M. Torpey, M.D., F.A.C.S. with a place of business at 776 Shrewsbury Avenue, Suite 201, Tinton Falls, New Jersey 07724 as the designated representative of patient P.E.T., and as the designated representative of patient C.Z. by way of complaint against the Defendants Aetna Insurance Company, Horizon Blue Cross Blue Shield of New Jersey and Marsh McLennan says the following:

## FACTS COMMON TO ALL COUNTS

### A. PATIENT P.E.T.

1. Plaintiff Dr. Brian M. Torpey, M.D., F.A.C.S. (hereinafter "Torpey") is a Board Certified Fellowship Trained Orthopaedic Surgeon who is licensed to practice in the State of New Jersey and is Board Certified in Sports Medicine. Torpey is associated with Professional Orthopaedic Associates with offices in Tinton Falls, Toms River and Freehold, New Jersey.

2. Torpey performed a complex and specialized hip surgery on P.E.T. ("Patient P.E.T.") on March 25, 2011 who was, at that time, insured by or a plan member of Defendant, Aetna Insurance Co. (hereinafter "Aetna").

3. Patient P.E.T's secondary insurance was Horizon Blue Cross Blue Shield of New Jersey d/b/a BlueCard of New Jersey (hereinafter "Horizon").

4. Torpey sought payment from Aetna for surgery and procedures ("Services") performed to Patient P.E.T. under Patient P.E.T.'s member I.D. # BBSJ3FYA under Aetna's Patient Account Number 122264.

5. Torpey was a non-participating provider of services in that it did not have a contract with Aetna to accept agreed upon rates for services provided to Patient P.E.T. The Services provided to Patient P.E.T. were "out of network" Services under the Aetna's policy and/or plan providing coverage to the Patient P.E.T.

6. Prior to rendering the Services to the Patient P.E.T., Torpey called Aetna to confirm that the Patient P.E.T. had out-of-network benefits for the services that were to be provided by Torpey.

7. All of the Services provided to the Patient P.E.T. were medically necessary and appropriate for the Patient P.E.T. according to recognized medical standards.

8. All of the services provided by Torpey were performed at Shewsbury Surgery Center in Shewsbury where Torpey enjoys surgical privileges.

9. The terms of Defendant's insurance agreements or plans were controlled by the laws and/or Regulations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

10. Torpey received an Authorization of Designated Representative and an assignment of rights from Patient P.E.T. including the right to bring an appeal and an action on the Patient P.E.T.'s behalf.

11. The assignment expressly authorized Torpey as Patient P.E.T's representative to represent the Patient P.E.T. in appeals to the Defendants.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

12. Torpey submitted a claim to Defendant Aetna for Services rendered by Torpey to Patient P.E.T. pursuant to the assignment of benefits and the designation of authorized representative signed by Patient P.E.T. The Services were performed on March 25, 2011 in the amount of $44,648.00.

13. The claim was received by Aetna and was designated by Defendant as claim # 110721M541600.

14. On August 29, 2011, Defendant Aetna made a single payment to Torpey for claim # 110721M541600 in the amount of $11,880.00.

15. Aetna's payment to Torpey was $32,768.00 less than the amount of Torpey's claim and represented approximately thirty-three percent (33%) of the amount of the Claim. The basis of the denial of the claim was that two procedure codes, 29915 and 29914, were deemed as experimental or investigational and that those procedure codes were inclusive to procedure code 29862 and 29863.

16. On December 1, 2011, Horizon, as the secondary insurer, paid Patient P.E.T. $8,972.00 which was Patient P.E.T.'s liability on the two procedures approved by Aetna. Patient P.E.T. thereafter, signed that check over to Torpey pursuant to the assignment of benefits.

17. Since Defendant Aetna did not approve the two procedural codes at issue, Horizon's payments did not reflect Patient P.E.T.'s contribution for those procedures.

18. Horizon's payments are determined by Aetna's approvals.

19. Even after Horizon's contribution on Patient P.E.T.'s behalf, Torpey is still owed over $24,000 on Patient P.E.T.'s claim including over $23,700 for the disallowed procedures.

20. On September 16, 2011, Torpey filed an Appeal as the Patient's Authorized Representative with the Defendant Aetna explaining that the unpaid codes were neither experimental nor investigative and that on other cases Aetna and Blue Cross Blue Shield had recognized those

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

codes. The appeal letter requested all documentation Defendant Aetna used in making its compensation decisions.

21. On September 22, 2011, Torpey was advised by Defendant Aetna that Plaintiffs' appeal had been received by Defendant Aetna on September 16, 2011.

22. On November 3, 2011, Torpey's office was advised by Defendant Aetna via telephone that his appeals were denied on October 26, 2011 as Experimental.

23. On January 30, 2012, having received nothing in writing from Defendant Aetna and having received no documentation from Defendant Aetna, Torpey's office faxed another appeal to Defendant Aetna.

24. On February 6, 2012, Defendant Aetna's representative Seigha once again advised that the appeal had been received on February 1, 2012.

25. On March 15, 2012, Representative Tonya at Defendant Aetna advised Torpey's office via telephone that the appeal was still open.

26. On March 19, 2012, Torpey received a letter from Defendant Aetna request an additional 15 days to decide the appeal.

27. On March 22, 2012, Torpey's office was advised by Defendant Aetna that the appeal had been denied and the procedures were still experimental.

28. On April 16, 2012, Torpey faxed an appeal letter to Defendant Aetna requesting a Board Certified Orthopedic Surgeon review the appeal.

29. On April 23, 2012, Torpey's office was advised by Defendant Aetna via telephone that the April 16, 2012 appeal was received.

30. On May 22, 2012, Torpey's office was advised by Defendant Aetna via telephone that the April 16, 2012 appeal had been denied.

31. On June 6, 2012, after having received noting in writing from Defendant Aetna, Torpey's office faxed yet another appeal to Defendant Aetna.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

32. On July 17, 2012, Torpey's office spoke with Abby at Defendant Aetna who advised Tirpey's office that he had exhausted all of his appeal rights.

33. Torpey and Patient P.E.T. have exhausted all of their administrative remedies with respect to Patient P.E.T.'s claims.

34. Because Horizon's contribution is based upon Defendant Aetna's approval any administrative remedy against Defendant Horizon would be futile.

### B. PATIENT C.Z.

35. Torpey performed a complex and specialized hip surgery on Patient C.Z. on November 11, 2011 at Monmouth Medical Center.

36. Patient C.Z. is a member of or insured by a health insurance policy issued by Defendant Aetna for Patient C.Z.'s employer, Defendant Marsh McClennan ("Marsh").

37. Torpey received prior approval for out of network benefits for the surgery before providing surgery and services that were rendered on November 11, 2011.

38. Torpey is the assignee of benefits and the designated authorized representative to represent Patient C.Z. on all appeals and actions of Defendant Aetna's determination of benefits.

39. On November 18, 2011, Torpey submitted a claim to Defendant Aetna on behalf of Patient C.Z. in the amount of $44,648.00.

40. Patient C.Z.'s claims were identified by Defendant Aetna as claim # EPFAVKPQV00.

41. On November 11, 2011, Torpey performed Hip Arthroscopy Procedure Codes 29915 and 29914 which are brand new hip codes for 2011. These codes are not inclusive to Procedure Codes 29862 and 29863.

42. On November 29, 2011, Defendant Aetna paid Torpey $2,859.90 stating on the Defendant Aetna EOB paid at 25% due to multiple procedures performed on the same date of

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

service. The claim should have been paid 100% on the primary procedure, 50% on the secondary procedure and 25% on multiple procedures.

43. On December 9, 2011, Torpey faxed an appeal letter to Defendant Aetna with a copy of the Customer Coder Website paperwork, showing procedure codes are not inclusive; and copies of Blue Cross Blue Shield EOB's on other comparison patients with the same procedure codes, same diagnosis codes and that all procedure codes were allowed and payable.

44. On January 2, 2012, Defendant paid Torpey another $5,921.62. Defendant Aetna paid $4,582.50 on Procedure Code 29914 and adjusted Procedure Codes 29863 and 29862 to reflect 50% and 25%, respectively on the multiple codes. Procedure Code 29915 was still not paid.

45. On January 30, 2012, Torpey faxed a Second Level Appeal to Defendant Aetna.

46. On February 6, 2012, Debbie Urcinole of Torpey's office confirmed with Carol D. from Defendant Aetna that the Second Level Appeal of January 30, 2012 was received on January 30, 2012 under Document # 2012020601180 and is due on March 19, 2012. The call was referenced number 1152822692.

47. On March 15, 2012, Debbie Urcinole of Torpey's office spoke with Joyce, a customer service representative at Defendant Aetna, and was told that the appeal was still open and due on March 19, 2012. The call was referenced number 1167737665.

48. On March 20, 2012, Debbie Urcinole of Torpey's office spoke with Debbie, a customer service representative at Defendant Aetna, who stated that the appeal was sent to the reconsideration department on Mach 10, 2012 and was already processed for the additional payment of $5,921.62.

49. Torpey's office explained that it already received the second insurance payment but the appeal was filed as the claim was still not paid correctly. Procedure Code 29915 was still denied. Attached to the appeal was medical documentation for Codes 29915 and 22914, new Codes for 2011. Debbie, of Defendant Aetna, represented that she would send an email to the claims

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

department to check the status and to allow 24-48 hours to call back. The call was referenced number 1170478018.

50. On April 5, 2012, Debbie Urcinole spoke with Jennifer, a customer service representative at Defendant Aetna, who stated that the appeal was reopened on March 22, 2012 and still under review under case # 2012032200799 and was due on May 3, 2012.

51. On May 18, 2012, Debbie Urcinole of Torpey's office spoke with Crystal, a customer service representative at Defendant Aetna who stated that a letter was being sent on May 19, 2012 in which the original determination was upheld.

52. Crystal stated that Torpey should send in a second level appeal. The call was referenced number 1216449273.

53. On June 6, 2012 Torpey faxed an appeal letter to Defendant Aetna and requested a Board Certified Surgeon review this claim.

54. On June 17, 2012, Debbie Urcinole of Torpey's office spoke with Shelby, a customer service representative at Defendant Aetna who stated that a resolution letter was sent to Torpey on June 16, 2012 stating that the appeal was denied and that this was our final level appeal.

55. Defendant Aetna has never provided copies of any written documentation explaining the denial, except for stating mutually exclusive to Procedure Codes 29862 and 29863 and paying $4,582.50 for Procedure Code 29914.

56. To date, Torpey has received only $8,781.52 out of the claim amount of $44,648 for Patient C.Z.

57. Plaintiffs have satisfied the prerequisite to the commencement of this action.

## COUNT I
### (Violation of ERISA section 502(a))

58. Torpey hereby incorporates by reference all the averments contained in paragraphs 1 through 57 above, as if same were fully set forth herein at length.

59. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sec. 1101 et seq.

60. The plan under which Patients P.E.T. and C.Z. (hereinafter "Patients") are entitled to coverage is an ERISA plan, it is administered and operated by Defendant Aetna, in the alternative, and the Defendants are the administrators and fiduciaries of the plan actual and/or de facto, under ERISA.

61. Defendant Aetna is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control respecting management of the plans under which Patients are entitled to benefits.

62. Defendant Anthem's fiduciary functions include, *inter alia*, preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Torpey concerning benefits to Patients under the plans, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.

63. Torpey received a valid assignment of benefits from Patient P.E.T. which had "out of network benefits" for surgery under his plan or insurance agreements with or administered by Defendant Aetna. Patient P.E.T. authorized Torpey to represent him in any appeal of the denied claims.

64. Torpey received a valid assignment of benefits from Patient C.K. for payment under her plan or insurance agents with or administered by Aetna, and self-funded by Marsh.

65. The Assignment of Benefits and the Designation of Authorized Representative signed by the Patients for the dates of service provides that Torpey is to receive the benefits due the Patients.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

66. The Assignment of Benefits and Designation of Authorized Representative that Torpey received from the Patients confers upon Torpey the status of "beneficiary" under sec. 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B) and sec. 1102(8) et seq.

67. As a beneficiary under section 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B), Torpey is entitled to recover benefits due to him (and/or benefits due to the Patients), and to enforce their rights of it (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

68. Torpey has standing to bring this action against Defendants under ERISA because a health care provider to whom a patient assigns benefits and grants a designation of authorized representative has standing to sue under section 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B).

69. The Patient is a defined beneficiary under section 502(a) of ERISA and 29 U.S.C. sec 1132 (a) (1). As described more fully in the Facts Common to All counts herein, Defendants made determinations regarding the payment and withholding of payments of benefits to the Plaintiffs by incorrectly disallowing certain accepted procedures as experimental.

70. Torpey has sought payment of benefits under the applicable plan in the amount of $44,668.00 in each of the Patients cases described herein.

71. In the case of Patient P.E.T., $11,880.00 was paid by Aetna and $8,972.00 of Patient P.E.T.'s share was paid by its secondary insurer, Defendant Horizon.

72. In the case of Patient C.K., Defendant Aetna has paid a total of $8,781.52.

73. In each of these cases, Defendant Aetna has improperly denied two procedures as experimental and has improperly paid claims.

74. In the case of Patient P.E.T., by denying the two acceptable procedures Defendant Aetna has not allowed Torpey to recover the amount (Patient P.E.T.'s portion), that Defendant Horizon would have paid Patient P.E.T. which would have been turned over to Torpey.

75. The denial of Torpey's claim for benefits is unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

76. Torpey, as the designated representative of the Patients, is entitled to recover his reasonable attorneys' fees and costs of action pursuant to 29 U.S.C. sec. 1132(g), et seq. and other provisions of ERISA as applicable.

77. The denial of Plaintiffs claims for the two procedure codes for services provided by Torpey has not been adequately explained or addressed by Defendant Aetna either to the Patients or to Torpey.

78. Torpey and the Patients have exhausted their administrative remedies.

79. As a consequence of Defendants actions, Torpey has been damaged.

**WHEREFORE,** Torpey demands judgment against Defendants as follows:

A. Judgment be entered in favor of Plaintiffs and against Aetna in the amount of $23,796.00 due and owing as benefits under the Patient P.E.T.'s applicable plan, plus interest, to compensate Plaintiffs for the erroneous denial of benefits under the plan;

B. Judgment be entered in favor of Torpey against Defendants Aetna and Marsh in the amount of $35,966.48 due and owing as benefits under the Patient C.K.'s applicable plan, plus interest, to compensate Plaintiffs for the erroneous denial of benefits under the plan;

C. Judgment be entered against Defendant Horizon directing that it process and pay any portion of the fees for services for disallowed claims unpaid by Defendant Aetna.

D. Awarding Torpey interest, attorneys' fees, costs of suit; and,

E. Awarding Torpey any and all other relief the Court deems equitable and just.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

THE BEINHAKERMILLER LAW FIRM
Attorneys for Plaintiffs

By: _____
Mark D. Miller, Esq.

Dated: October 17, 2012

### DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to the Federal Rules of Civil Procedure, the undersigned is designated as trial counsel in the above-captioned matter.

THE BEINHAKERMILLER LAW FIRM
Attorneys for Plaintiffs

By: _____
Mark D. Miller, Esq.

Dated: October 17, 2012

### CERTIFICATION (R.11.2)

The undersigned hereby certifies the following:

1. That, to the best of my knowledge and belief, this matter in controversy is not the subject of any other action.

2. To the best of my knowledge, information and belief at this time there are no other parties who should be joined in this matter, except that depending upon what discovery reveals, the local administrator may be added.

THE BEINHAKERMILLER LAW FIRM
Attorneys for Plaintiffs

By: _____
Mark D. Miller, Esq.

Dated: October 17, 2012